IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INEZ COATES | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| NATIONWIDE INSURANCE COMPANY, | : | NO. 12-4031 & NO. 13-3348 |
| | : | |
| Defendant. | : | |

**MEMORANDUM RE: PLAINTIFF'S MOTION TO REMAND**

**Baylson, J.**                                          **September 16, 2013**

For the second time in this case, Defendant Nationwide Insurance Company has filed a

notice of removal, (ECF No. 1), and Plaintiff Inez Coates has filed a Motion to Remand (ECF

No. 4).[1]  As discussed below, Defendant bases its second removal attempt on grounds that were

considered and rejected in the Court's previous remand order.  Since Defendant fails to identify

developments that would alter the Court's prior conclusion, the Court will GRANT Plaintiff's

Motion to Remand.

**I.      FACTUAL & PROCEDURAL BACKGROUND**

**A.      The Complaint**

On June 15, 2012, Plaintiff initiated this action in the Court of Common Pleas of

Philadelphia County.  In her Complaint, Plaintiff alleges that she was involved in a car accident

on March 9, 2009, in which David Tomarchio, a non-party to this action, hit her car, causing it to

turn over and skid upside down for twenty-feet.  Compl. ¶¶ 4–10.  Plaintiff, who avers she was in

no way responsible for the collision, had to be removed from her vehicle with the "jaws of life."

Id. ¶¶ 10–11.  Plaintiff suffered severe and permanent injuries and disabilities, which she details

---

[1] Defendant filed its notice of removal and accompanying briefs under case number 13-3348, while Plaintiff filed
her motion and accompanying briefs under case number 12-4031.

at length in her Complaint, and underwent five surgical procedures.  Id. ¶¶ 12–17.  Mr.

Tomarchio's insurance policy provided only $100,000 in coverage, which Plaintiff's expenses

exceeded.  Id. ¶¶ 20–21.  Plaintiff has motor vehicle insurance provided by Nationwide, which

included underinsured motorist ("UIM") benefits in an amount unspecified in the Complaint.  Id.

¶¶ 18–19.  Plaintiff accordingly submitted her bills to Nationwide.  Id. ¶ 21.  Nationwide,

however, failed or refused to provide Plaintiff any benefits.  Id.

The Complaint alleges four causes of action: (1) breach of fiduciary duty to pay UIM

benefits in accordance with the Pennsylvania Motor Vehicle Responsibility Law, 75 Pa. C.S. §

1731(c); (2) breach of contract/breach of good faith and fair dealing; (3) bad faith insurance

practices in violation of 42 Pa. Cons.Stat. § 8371, and (4) breach of statutory and contractual

duty to supply UIM benefits.  The Complaint includes *ad damnum* clauses for each of the four

counts.  For three of the counts,[2] the *ad damnum* clause demands judgment "in an amount not in

excess of Fifty Thousand ($50,000) Dollars, in addition to interest and damages for delay, as

well as all costs, expenses and incidental fees incurred during the course of this litigation,

including attorney's fees, and punitive or exemplary damages."  Compl. ¶¶ 34, 38, 42.

In addition to including the *ad damnum* clauses, Plaintiff checked a box on a cover sheet

accompanying the Complaint that affirms the amount in controversy is "$50,000 or less."

Plaintiff's case was thus designated for compulsory arbitration pursuant to a Pennsylvania law

that compels arbitration in certain civil cases where the amount in controversy, exclusive of

interest and costs, does not exceed $50,000.  42 Pa. C.S. § 7361(b).

---

[2] The *ad damnum* clause for the first count (fiduciary breach) did not reference punitive damages or attorney's fees.
Compl. ¶ 26.

### B.      First Notice of Removal

On July 16, 2012, Defendant filed a notice of removal on the grounds that the amount in controversy exceeded the jurisdictional requisite of $75,000.  Defendant argued that the amount in controversy exceeded $75,000 because three of the *ad damnum* clauses sought attorney's fees and punitive damages *in addition to* the $50,000 in compensatory damages.

Shortly after Defendant filed its notice of removal, Plaintiff moved to remand.  In consideration of Plaintiff's motion, the Court held an unrecorded teleconference on September 13, 2012, in which the Court noted the "somewhat confusing" wording of the *ad damnum* clauses.  The Court gave Plaintiff leave to amend these clauses, which Plaintiff did later that day. (ECF No. 10).  Plaintiff's amendment reworded each *ad damnum* clause to read as follows:

> WHEREFORE, Plaintiff, Inez Coates, demands judgment against Defendant, Nationwide, of compensatory damages, punitive or exemplary damages, in addition to interest and damages for delay, as well as all costs, expenses, and incidental fees incurred during the course of this litigation, all of which are in an amount NOT in excess of Fifty Thousand ($50,000) Dollars.

While this amendment removed the prior ambiguity, the amendment did not address all of Defendant's concerns.  As the Court explained in its September 14, 2012 memorandum, "Nationwide's attorney also argued that *even if Plaintiff did expressly limit her damages* and the case proceeded to arbitration, it was unlikely the case would be resolved at that stage because of choice of law questions,[3] and *Plaintiff would be entitled to recover more than $50,000 on appeal*."  Coates v. Nationwide Ins. Co., No. 12-4031, 2012 WL 4068437, at *3 (E.D. Pa. Sept. 14, 2012) (emphases added).

---

[3] Plaintiff's entitlement to relief appears to pivot on whether Delaware or Pennsylvania law governs the case.  Under Delaware law, an insured person is apparently not entitled to UIM benefits if her UIM coverage is less than the tortfeasor's liability coverage.  Pennsylvania law does not limit UIM coverage in this manner.

In granting Plaintiff's motion to remand, the Court gave effect to the amended *ad damnum* clause. Id. at \*4. While an *ad damnum* clause is "not dispositive of the amount in controversy," the Court noted that it placed the burden on Defendant to prove that the amount in controversy exceeds $75,000 with "legal certainty." Id. (citing Frederico v. Home Depot, 507 F.3d 188 (3d Cir. 2007); Morgan v. Gray, 471 F.3d 469 (3d Cir. 2006)). The Court held that Defendant failed to meet this burden. In so holding, the Court stated that it was "unpersuaded by Nationwide's argument that Plaintiff could recover more than $75,000 if the arbitration award is *appealed*." Id. (emphasis added). The "legal certainty" test "would ring hollow," the Court explained, "if the *mere possibility that a plaintiff could recover more than $75,000 from an appeal* of a compulsory arbitration satisfied Defendants' burden." Id. (quoting Menard v. Hewlett Packard Co., No. 12-3570, 2012 WL 2938010, at \*4 (E.D. Pa. July 19, 2012) (emphasis added)).

## C.      Second Notice of Removal

On May 15, 2013, a three-member arbitration panel voted 2-to-1 in favor of Defendant. The Plaintiff thereupon filed a notice, on June 13, 2013, of her intent to appeal the arbitration panel's decision. On June 14, 2013, Defendant's attorney sent Plaintiff's attorney the following email: "I see that you appealed the Coates arb today. Will you stipulate to cap damages at $75k to avoid removal to federal court? I need to know ASAP as I have to remove this case today if you do not intend to cap damages." Def's Not. of Removal Ex. C. Defendant filed the notice of removal later that same day, asserting that "[a]s of the filing of this Notice of Removal, plaintiff's counsel had not agreed to . . . stipulate" to the 75k cap. Def's Not. of Removal ¶ 11.

Defendant argues that the case is now removable because "appeals from arbitration result in a de novo trial 'without conditions placed upon the trier of fact with respect to assessing

4

damages according to arbitration limits.'"  Id. ¶ 9 (quoting Vanden-Brand v. Port Auth. of

Allegheny Co., 936 A.2d 581, 584 (Pa. Commw. 2007)).  Thus, even if Plaintiff does not request

more relief on appeal, the trier of fact would not be precluded from awarding her damages in

excess of $75,000.  Defendant contends, therefore, that Plaintiff's *ad damnum* clause no longer

controls the amount in controversy.  While conceding that Plaintiff's compensatory damages are

capped at $15,000, Defendant argues that punitive damages could push the total verdict over the

$75,000 threshold.  Since punitive damages "are generally constitutionally acceptable if they

represent a single digit multiplier of the compensatory damages," Plaintiff could receive more

than $75,000 on appeal if the trier of fact applied a "single digit multiplier of 5" for punitive

damages.[4]  Id. ¶¶ 16-17 (citing State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408

(2003)).

       Plaintiff counters by arguing that Defendant's position is based on "the same reasoning"

as the first removal, which the Court rejected.  Pl's Mot. to Remand ¶ 8.  Plaintiff asserts that

"nothing has changed regarding the limit to damages the Plaintiff can receive," as Plaintiff has

not withdrawn her prior stipulation to limit the value of the case to $75,000 or less.  Pl's Br. at 8.

Although Defense counsel, Katherine Douglas, points to the failure of Plaintiff's counsel, Gary

Seflin, to respond to her request for a stipulation on June 14, Seflin states that he called Douglas

back that same day (at 3:50 pm) to reiterate that "Plaintiff had already stipulated to cap her

damages."  Pl's Reply Br. at 2.  When he called, Seflin was told that Douglas had "'left the

office for the day' and had already filed" the removal notice.  Id.

---

[4] Defendant asserts that "a request for punitive damages will generally satisfy the amount in controversy
requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the
statutory minimum."  Def's Mem. at 11 (quoting Hamm v. Allstate Prop. & Cas. Ins. Co., 908 F. Supp. 2d 656, 664
(W.D. Pa. 2012)).  On its face, this rule is only relevant where the burden of proving legal certainty falls on the
plaintiff.

At a hearing on September 11, 2013, Plaintiff's counsel reaffirmed the stipulation that Plaintiff will not seek an award in excess of $75,000, and assured the Court that Plaintiff was prepared to be legally bound to this stipulation in any future proceeding.

## II.   LEGAL STANDARD

A civil action may be removed from state court to federal district court if the latter has original jurisdiction to hear the case.  28 U .S.C. § 1441(a).  District courts have original jurisdiction over all civil matters between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.[5]  28 U.S.C. § 1332(a)(1). When removal is premised on diversity jurisdiction, "[t]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," unless the state "does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2).  If state law permits recovery in excess of the amount demanded in the complaint, removal is proper if the defendant proves, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Id.

Where, as here, a district court has previously remanded a case for lack of jurisdiction, this ruling is non-reviewable "by appeal or otherwise" once the court transmits a certified copy of its remand order to state court.  28 U.S.C. § 1447(d).  Once entered, a remand order cannot be vacated "no matter how plain the legal error in ordering the remand."  Kircher v. Putnam Funds Trust, 547 U.S. 633, 642 (2006); Hunt v. Acromed Corp., 961 F.2d 1079, 1081 (3d Cir. 1992). Accordingly, while a defendant can file a second notice of removal based on grounds not asserted in a prior removal, "second removals based on the same grounds are prohibited." Doe v. American Red Cross, 14 F.3d 196, 200 (3d Cir. 1993).

---

[5] Both parties agree that diversity of citizenship exists in this case.  The only question, therefore, is whether the amount in controversy exceeds $75,000.

### III.    ANALYSIS

Defendant's attempt to re-remove this case runs afoul of 28 U.S.C. § 1447(d)'s prohibition against removing cases on grounds that were previously rejected in a prior remand order.  Defendant bases the second removal on the fact that the $50,000 damages cap in Plaintiff's *ad damnum* clause no longer binds the state court now that the arbitration decision has been appealed.  Defendant appears to forget, however, that it raised this same issue to support the *first* removal.  As summarized in the Court's prior opinion, Defendant argued that the *ad damnum* clause did not limit the amount Plaintiff could receive because "Plaintiff would be entitled to recover more than $50,000 on appeal."  Coates, 2012 WL 4068437, at *3.  The Court considered this argument, but rejected it.  As the Court explained, "the mere possibility that a plaintiff *could* recover more than $75,000 from an appeal of a compulsory arbitration" is insufficient to prove that the amount in controversy *does* exceed $75,000.[6]  Id. at *4 (quoting Menard, 2012 WL 2938010, at *4).

While it is true that an appeal of the arbitration panel's decision was only a *future possibility* when the Court issued its previous order, the mere fact that Plaintiff has now appealed does not provide new grounds upon which to remove.  In Punzak, the court suggested that re-removal in the present context would only be justified if Plaintiff "t[ook] actions in the future that raise the amount in controversy."  2007 WL 1166087, at *5.  The only action that Plaintiff

---

[6] Most courts in this District that have previously considered this issue have reached the same conclusion.  See, e.g., D'Achino v. GNOC Corp., No. 05-4380, 2005 WL 3307086, at *2 (E.D. Pa. Dec. 5, 2005) ("Courts have found that the possibility that a plaintiff could recover more than $50,000 [on appeal] was too theoretical to demonstrate that the amount in controversy exceeded the jurisdictional limit."); accord Punzak v. Allstate Ins. Co., No. 07-1052, 2007 WL 1166087, at *5 (E.D. Pa. Apr. 16, 2007); Connelly v. Schleef, No. 01-5559, 2002 WL 192569, at *1 (E.D. Pa. Jan. 30, 2002)  Di Filippo v. Southland Corp., No. 94-2650, 1994 WL 273310, at *2 (E.D. Pa. June 21, 1994); Essex Ins. Co. v. J&D Blackwell Enterprises, Inc., No. 92-3721, 1993 WL 204109, at *7 (E.D. Pa. June 9, 1993); cf. S.B. v. United Omaha Life Ins. Co., No. 13-1463, 2013 WL 2915973, at *3 (E.D. Pa. June 13, 2013) (denying remand because plaintiff's complaint did not expressly cap the damages to $50,000); Lumsden-Lockley v. World Rio Corp., No. 95-5997, 1995 WL 686050, at *1 (E.D. Pa. Nov. 15, 1995) (denying remand because plaintiff expressly refused to limit her relief on appeal); Williams v. World Rio Corp., No. 95-4707, 1995 WL 582002, at *1 (E.D. Pa. Oct. 3, 1995) (same).

took here, however, was to appeal the arbitration panel's decision.  Absent any evidence that

Plaintiff is seeking relief in excess of $75,000, the fact that the state court is no longer bound by

the *ad damnum* clause does not, without more, increase the amount in controversy.  This

conclusion accords with prior case law,[7] including the Third Circuit's analysis in Morgan v. Gay,

471 F.3d 469, 476-78 (3d Cir. 2006).

In Morgan, the plaintiff filed, on behalf of a class, a complaint that expressly limited the

damages being sought to less than the amount in controversy required for federal jurisdiction.

471 F.3d at 476-77.  The state in which the plaintiff filed the action, however, gave no binding

effect to *ad damnum* clauses.  As is the case here, therefore, there was nothing precluding the

state court from providing relief in an amount exceeding the figure specified in the complaint.

Id. at 476.  Despite the *ad damnum* clause's non-binding effect, however, the Third Circuit still

treated it as the presumptive amount-in-controversy.  The court thus placed the burden on the

defendants to prove that the amount-in-controversy exceeded the jurisdictional minimum.

Morgan demonstrates, therefore, that, absent evidence to the contrary, an *ad damnum* clause

provides the presumptive amount-in-controversy, even when it does not bind the state court.[8]

Accordingly, the mere fact that Plaintiff's *ad damnum* clause no longer binds the state court does

not alter this Court's prior determination that the "mere possibility" of a higher award on appeal

does not constitute evidence that the award *will* be higher, let alone in excess of $75,000.

Finally, any doubt about the amount in controversy in this case vanished at the September

11, 2013 hearing when Plaintiff provided an unequivocal commitment to limit any future award

---

[7] See Punzak, 2007 WL 1166087, at *5 (holding that plaintiff's denial of requested admission that damages may exceed $75,000 did not supersede the presumptive effect of the *ad damnum* clause for purposes of determining the amount in controversy).

[8] Cf. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.").

to below the jurisdictional threshold.  Plaintiff's agreement to be unequivocally bound in this

manner is significant because it provides Defendant the means of preventing a higher award from

being issued on appeal.  In <u>Morgan</u>, for example, the Third Circuit "admonish[ed] that a verdict

in excess of the demand could well be deemed prejudicial to the party that sought removal to

federal court when the party seeking remand uses a damages-limitation provision to avoid

federal court."  471 F.3d at 477.  In such a situation, the court suggested that principles of

judicial estoppel could bind a plaintiff to representations made during prior removal proceedings.

<u>Id.</u> at 477 n.9.  Since Plaintiff here has unequivocally committed to limiting any future verdict to

a maximum of $75,000, Defendant will have an estoppel remedy if a state court were to ever

issue a verdict exceeding $75,000.

This conclusion is unaffected by Plaintiff's failure to immediately respond to Defendant's

June 14, 2013 stipulation request prior to Defendant filing its removal notice later that same day.

As Plaintiff correctly notes, Defendant filed for removal "without even supplying the Plaintiff

the courtesy of one business day to respond."  Pl's Reply Br. at 2.  While Defense counsel states

that she had to file the notice on June 14 in order for the removal to be timely under 28 U.S.C. §

1446(c)(1), this assertion is based on a misunderstanding of how deadlines are determined under

federal law.[9]  In any event, the Court finds it unreasonable to treat a failure to respond within

mere hours of a request as a refusal to stipulate,[10] particularly since: (1) Plaintiff had not given

---

[9] Defense counsel states that she had to file for removal on June 14 because the next day (a Saturday) marked the one-year removal deadline under 28 U.S.C. § 1446(c)(1) and she "did not have support staff available on Saturday, June 15th to file the removal."  Def's Surreply at 2.  Under federal law, however, a deadline that falls on a holiday or weekend is moved to "the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(1). Defense counsel thus had until Monday, June 17, to file the removal notice.

[10] Even if Plaintiff had refused to stipulate, a refusal to stipulate does not, by itself, undo the presumption that an *ad damnum* clause determines the amount in controversy absent evidence to the contrary.  <u>Punzak,</u> 2007 WL 1166087, at *5; <u>cf. Howard v. Allstate Ins. Co.,</u> No. 06-4017, 2006 WL 2818479, at *2 (E.D. Pa. Sept. 28, 2006 ("Plaintiff's refusal to speculate that damages could exceed $50,000 will not confer diversity jurisdiction."); <u>Horos v. Allstate Ins. Co.,</u> Nos. 03-3490 & 03-3654, 2003 WL 22387544, at *2 (E.D. Pa. Sept. 22, 2003) "[D]efendant's evidence of a refusal to stipulate . . . is too slender a reed to support removal jurisdiction."); <u>Lee v. Walmart, Inc.,</u> 237 F. Supp.

9

any indication that she was backing away from her September 13, 2012 stipulation to cap the damages, (2) Plaintiff's counsel called Defense counsel back at 3:50 pm on June 14 to reaffirm this prior stipulation, and (3) Plaintiff's counsel has affirmed to this Court that Plaintiff will neither seek, nor accept, damages in excess of $75,000.

## IV.   CONCLUSION

Removal is barred by 28 U.S.C. § 1447(d)'s prohibition on redundant removals because Defendant has not identified any new development that would alter the Court's prior conclusion that the mere possibility of a higher verdict on appeal fails to satisfy Defendant's burden of proving that the amount in controversy actually exceeds $75,000.  Accordingly, the Court will GRANT Plaintiff's Motion to Remand.

An appropriate order follows.

O:\CIVIL 12\12-4031 coates v. nationwide\second_removal_opinion.docx

---

2d 577, 580 (E.D. Pa. 2002) ("While a plaintiff's failure to stipulate might provide some evidence that a claim is truly for more than the jurisdictional minimum, I do not believe that fact may alone shoulder the burden of § 1332 jurisdiction.").